# NOS. 12-07-00335-CR
# 12-07-00336-CR
# 12-07-00337-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK HARRIS,*<br>*APPELLANT* | § | *APPEALS FROM THE SEVENTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### MEMORANDUM OPINION
### PER CURIAM

Mark Harris appeals his two convictions for sexual assault of a child and one conviction for improper photography. Appellant entered pleas of guilty without benefit of a plea bargain. The trial court assessed punishment at eighteen years of imprisonment and a $10,000.00 fine in each of the sexual assault cases and two years of confinement in a state jail facility in the improper photography case. Appellant's counsel filed a motion to withdraw and a brief in support of that motion in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We dismiss Appellant's appeals.

### ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel filed a brief in compliance with *Anders* and *Gainous* in each of the three cases, stating that he has diligently reviewed the appellate records and is of the opinion that the records reflect no reversible error and that there is no error upon which an appeal can be predicated. He further

relates that he is well acquainted with the facts in this case. In compliance with ***Anders***, ***Gainous***, and ***High v. State***, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant's brief presents a chronological summation of the procedural history of the cases, and further states that Appellant's counsel is unable to raise any arguable issues for appeal.

Appellant filed a pro se brief in which he raised issues concerning sufficiency of the evidence, ineffective assistance of counsel, the voluntariness of his pleas, admissibility of certain evidence, prosecutorial misconduct, due process violations, discovery abuse, and the legality of the sentences assessed. We have reviewed the records for reversible error and have found none. *See **Bledsoe v. State***, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); ***Stafford v. State***, 813 S.W.2d 503 (Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous and his motion for leave to withdraw is hereby ***granted***. *See **In re Schulman***, 252 S.W.3d at 408-09.

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

We ***dismiss*** Appellant's appeals.

Opinion delivered April 15, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2